UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JOHN LITTLE, | ) | CASE NO. C08-0153-MJP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| T. BLOSS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff presents to this Court for filing a proposed civil rights complaint under 42 U.S.C. § 1983. (Dkt. 1.) He names T. Bloss, Dave Oster, and Steve Thompson as defendants. Plaintiff alleges his due process rights were violated when he was deprived of ten days of earned good-time credits while incarcerated at Snohomish County jail. He seeks "remand" of the hearing or dismissal of the violation, and an award of punitive and monetary damages. Plaintiff also presented an application to proceed *in forma pauperis* (IFP). (Dkt. 4.) However, as discussed below, the Court recommends that plaintiff's application to proceed IFP be denied and this action dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) based upon plaintiff's failure to adequately allege a cause of action under § 1983.

REPORT AND RECOMMENDATION
PAGE -1

1  When a prisoner challenges the fact or duration of his confinement, his sole federal remedy
2  is a writ of habeas corpus, to which the exhaustion requirement applies. *Preiser v. Rodriguez*, 411
3  U.S. 475, 489-90 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990). Further, a civil
4  rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would
5  necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be
6  dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been
7  invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). As more recently stated by the
8  United States Supreme Court: "[A] state prisoner's § 1983 action is barred (absent prior
9  invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the
10 prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in
11 that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*
12 *v. Dotson*, 544 U.S. 74, 81-82 (2005).

13 In this case, plaintiff presents a challenge to the duration of his confinement and a finding
14 in his favor and award of the relief sought would necessarily demonstrate its invalidity. He makes
15 no allegation or showing that his confinement has been invalidated or impugned in any respect.
16 Accordingly, plaintiff's claims are not cognizable under § 1983.[1]

17 A district court should not convert a defective § 1983 claim into a petition for a writ of
18 habeas corpus unless it is clear that the plaintiff intends to bring a habeas petition. *Trimble v. City*
19 *of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Instead, the district court should dismiss the
20 § 1983 claims without prejudice. *Id.* Therefore, the Court recommends that plaintiff's application

---

[1] Because plaintiff's claims are not cognizable for the reason described above, the Court declines to address other deficiencies in plaintiff's proposed complaint as to named defendants.

REPORT AND RECOMMENDATION
PAGE -2

01 to proceed IFP be denied and his § 1983 action be dismissed without prejudice pursuant to
02 § 1915(e)(2)(B). *See*, *e.g.*, *Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997) (affirming
03 dismissal without prejudice of claims relating to disciplinary proceedings where good-time credits
04 involved).

05     A proposed order accompanies this Report and Recommendation.

06     DATED this 21st day of February, 2008.

         *[signature]*
         Mary Alice Theiler
         United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3